IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00653-RPM

JODY L. ARAKAWA,

    Plaintiff,

v.

CARESTREAM HEALTH, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Having reviewed the motion of Plaintiff Jody Arakawa ("Arakawa") and Defendant Carestream Health, Inc. ("Carestream") (together, the "Parties") for entry of stipulated protective order, and concluding that there is good cause to grant the motion, under Rule 26(c) of the Federal Rules of Civil Procedure, and being fully advised, orders as follows:

    1.    In this action, each of the Parties seek or will seek Confidential Information and Highly Confidential Information (as defined in Paragraph 2 and 3) through written discovery in this case and expect that there will be questioning concerning such information in the course of depositions and other proceedings. The Parties assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests, and/or the privacy interests of Carestream's current or former employees, customers or related entities. In addition, the public disclosure of some of the Highly

Confidential Information could cause irreparable harm to the financial and business interests of Carestream and its customers. The Parties have agreed to the language of this proposed Stipulated Protective Order ("Stipulated Protective Order") to protect those interests and request that the Court enter it for the purpose of preventing the disclosure and use of Confidential and Highly Confidential Information except as set forth below.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy, whether it is a hard copy or electronic copy, is a separate document within the meaning of this term.

3. Nothing in this Stipulated Protective Order is intended, nor shall it be construed, as a waiver or an admission that any documents or information are admissible or contain confidential, proprietary business information, or trade secrets. This Stipulated Protective Order is simply a procedural framework to facilitate the discovery processes and provide protections concerning documents and information exchanged between and among the parties and non-parties in this case. No part of this agreement shall be used in this action or any other action as evidence that any party has waived or admitted to any claims solely by designating documents or information as Confidential Information or Highly Confidential Information. "Confidential Information" means any document, file, portion of any file, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, that (a) is designated by one or more of the Parties in the

manner provided in Paragraph 6 below, and (b) contains any personnel, trade secret, research and development, customer, or other confidential or proprietary information other than Highly Confidential Information described in Paragraph 4 below.

      4.    "Highly Confidential Information" means any document, file, portion of any file, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, (a) which is designated by one or more of the Parties in the manner provided in Paragraph 7 below, and (b) the existence or contents of which Plaintiff did not know during his tenure with Carestream, and (c) which contains any personnel, medical, trade secret, research and development, customer, or technological information concerning Carestream or Carestream's clients, or other confidential or proprietary information, including, but not limited to:

      a.    Carestream's or its clients' research, strategies, methods, training, protocols, processes, procedures, and equipment (including but not limited to the type, location, and use of such equipment);

      b.    Carestream' or its clients' strategies, methods, training, protocols, processes and procedures;

      c.    Maps, plans, schematic drawings, representations or other descriptions of the location or internal layout of Carestream's facilities, equipment, and financial and other assets; and

        d.      Carestream's or its clients' recruitment, screening, testing, hiring, retention, assessment, pay, demographics, training, discipline or termination of prospective or current employees or contractors.

5.    "Confidential Information" and "Highly Confidential Information," as used herein, means any information as described in Paragraphs 3 and 4 which is designated by any Party as "Confidential" or "Highly Confidential," whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, response to requests for admission, or response to request for documents, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, or otherwise. In designating information as "Confidential Information" or "Highly Confidential Information," a Party will make such designations only as to that information that the Party has reviewed and in good faith believes contains information that is Confidential or Highly Confidential, as defined in Paragraphs 3 and 4 above.

6.    Where Confidential Information is produced, provided or otherwise disclosed by either of the Parties in response to any discovery request, it will be designated in the following manner:

        a.      With respect to Confidential Information, by imprinting the words "Confidential" on the first and every page of any document produced, or for information produced in electronic form, by labeling

the file, CD, or other medium of storage and transmittal with the term "Confidential Information";

    b.    With respect to Confidential Information contained in a response to an interrogatory, request for admission, or similar discovery request, by imprinting the words "Confidential" next to or above any response to a discovery request;

    c.    With respect to transcribed testimony, by designating to opposing counsel and the court reporter or other recorder during testimony those portions of the testimony that are to be identified and sealed in any transcript or record as "Confidential" and/or by giving written notice to opposing counsel and the court reporter designating those portions of the transcript or record that are "Confidential," as appropriate, no later than ten calendar days after receipt of the transcribed testimony.

7.    All Confidential Information provided by either of the Parties in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

    b.    It shall not be communicated or disclosed by counsel for either of the Parties, or by the Parties themselves, in any manner, either directly or indirectly, to anyone other than the Parties, their legal

counsel, members of legal counsel's staff, and the Court, under seal as described in Paragraph 16. In addition, to the extent that disclosure of Highly Confidential Information to a Party's expert witness is necessary to the work of the expert witness in this case, the Highly Confidential Information may be disclosed to the expert witness, but only after an Affidavit in the form of Exhibit A has been signed by the recipient of the communication or disclosure.

8. Where Highly Confidential Information is produced, provided or otherwise disclosed by either of the Parties in response to any discovery request, it will be designated in the following manner:

  a. With respect to Highly Confidential Information, by imprinting the words "Highly Confidential" on the first and every page of any document produced, or for information produced in electronic form, by labeling the file, CD, or other medium of storage and transmittal with the term "Highly Confidential Information";

  b. With respect to Highly Confidential Information contained in a response to an interrogatory, request for admission, or similar discovery request, by imprinting the words "Highly Confidential" next to or above any response to a discovery request;

  c. With respect to transcribed testimony, by designating to opposing counsel and the court reporter or other recorder during testimony those portions of the testimony that are to be identified and sealed

in any transcript or record as "Highly Confidential" and/or by giving written notice to opposing counsel and the court reporter designating those portions of the transcript or record that are "Highly Confidential," as appropriate, no later than ten calendar days after receipt of the transcribed testimony.

9. All Highly Confidential Information provided by either of the Parties in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

    b. It shall not be communicated or disclosed by counsel for either of the Parties, or by the Parties themselves, in any manner, either directly or indirectly, to anyone other than the Parties, their' legal counsel, members of legal counsel's staff, and the Court, under seal as described in Paragraph 16, below. In addition, to the extent that disclosure of Highly Confidential Information to a Party's expert witness is necessary to the work of the expert witness in this case, the Highly Confidential Information may be disclosed to the expert witness, but only after an Affidavit in the form of Exhibit A has been signed by the recipient of the communication or disclosure.

10. Individuals authorized to review Highly Confidential Information pursuant to this Stipulated Protective Order shall hold such information in confidence

and shall not divulge the Highly Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order or as described in Paragraphs 7 and 9, and shall not use such information for any purpose not necessary to the prosecution or defense of this case.

11. Counsel for the non-designating Party shall be responsible for assuring compliance with the terms of this Stipulated Protective Order with respect to persons to whom Confidential Information or Highly Confidential Information is disclosed, shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information or Highly Confidential Information, and shall maintain a list of all persons to whom any Confidential Information or Highly Confidential Information is disclosed and a description of the specific Confidential Information or Highly Confidential Information disclosed to each such person.

12. During the pendency of this action, a designating Party may, upon court order or agreement of the Parties, inspect the list maintained by counsel for the non-designating Party as described in Paragraph 11, upon a showing of substantial need, in order to establish the source of an unauthorized disclosure of Confidential Information or Highly Confidential Information.  If counsel for the non-designating Party disagrees with the designating Party's counsel's showing of substantial need, then counsel for the non-designating Party may seek an order requiring inspection under terms and conditions deemed appropriate by the Court.  Upon final resolution of this action, counsel for the non-designating Party shall provide a copy of the list of

disclosures to counsel for the designating Party and file a copy of the list under seal with the Court.

13. No copies of Confidential Information or Highly Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

14. During the pendency of this litigation, counsel shall retain custody of Confidential Information or Highly Confidential Information, as well as any copies made therefrom.

15. If counsel for the non-designating Party objects to the designation of certain information as Confidential Information or Highly Confidential Information, he or she shall promptly inform the designating Party's counsel in writing of the specific grounds of objection to the designation. Designating counsel shall then within seven (7) days provide in writing the specific grounds for having designated the information as Highly Confidential Information. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, counsel are unable to resolve their dispute, the designating Party may move for a protective order to maintain the Confidential Information or Highly Confidential status of the information. Any motion for protective order shall be filed within fourteen (14) days of receipt by the non-designating Party's counsel of the designating counsel's written grounds for the designation of information as Confidential Information or Highly Confidential Information, and the information shall continue to have Confidential Information or Highly

Confidential Information status from the time it is produced until the ruling by the Court on the motion.

16. Any motion requesting leave to file or introduce documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information or Highly Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980)).  Counsel for a Party submitting a motion to seal shall not file Confidential Information or Highly Confidential Information or introduce it in a court proceeding unless and until the Court grants the motion to seal.  Submission of any Confidential Information or Highly Confidential Information to the Court under seal shall not otherwise relieve the Parties or their counsel of their obligations as described in Paragraphs 5-10 above.

17. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information or Highly Confidential Information pursuant to this Stipulated Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Stipulated Protective Order.

18.     By agreeing to the entry of this Stipulated Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents and/or information produced subject to the Order.

19.     Within sixty (60) days of the termination of this litigation, including any appeals, each Party's counsel shall immediately return to the designating Party all Confidential Information or Highly Confidential Information produced subject to this Stipulated Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.  Counsel also shall provide the Court and the non-designating Party with written verification that any of counsel's work product referencing Confidential Information or Highly Confidential Information has been destroyed.

20.     Unless otherwise agreed to in writing by the Parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Stipulated Protective Order.

21.     The inadvertent or unintentional production of documents containing, or other disclosure of, Confidential Information or Highly Confidential Information without being designated as such at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of any Party's claim of confidentiality, either as to specific information discussed or as to any information relating thereto or on the same or related subject matter. Documents unintentionally produced without designation as Confidential Information or Highly Confidential Information may be retroactively designated in the same manner and shall be treated appropriately from the date written

notice of the designation is provided to the receiving Party. The production of documents or other tangible things pursuant to a request for production shall not be deemed a waiver of any right by the producing Party to object to admissibility of such document at a later time.

Nothing in this Stipulated Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information or Highly Confidential Information shall be treated at trial.

This Stipulated Protective Order shall be binding upon any future Party(ies) to this litigation.

DATED this 16th day of November, 2011.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge

APPROVED:

| | |
|---|---|
| *s/Mark Berumen* | *s/ Christopher M. Leh* |
| Mark Berumen | Christopher M. Leh |
| BERUMEN LAW FIRM P.C. | Kalisha Salome Chorba |
| 1450 S. Havana, Suite 412 | LITTLER MENDELSON P.C. |
| Aurora, CO 80012 | 1200 17th Street, Suite 1000 |
| Telephone:  303.751.2128 | Denver, CO  80202-5835 |
| Facsimile:   202.845.5358 | Telephone:  303.629.6200 |
| | Facsimile:   303.629.0200 |
| ATTORNEY FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |
| JODY ARAKAWA | CARESTREAM HEALTH, INC. |

**EXHIBIT A**

STATE OF _____      )
                                   ) ss.
_____ COUNTY              )


_____, swears or affirms and states under penalty of perjury:

1.   I have read the stipulated Stipulated Protective Order entered in JODY ARAKAWA v. CARESTREAM HEALTH, INC., (Case No. 11-cv-00653-RPM), a copy of which is attached to this Affidavit (the "Stipulated Protective Order").

2.   I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are, as defined in the Stipulated Protective Order as Highly Confidential Information.

3.   I promise that I have not and will not divulge, or undertake to divulge to any person (including but not limited to the non-designating Party itself/himself/themselves) or recording device any Highly Confidential Information, as the case may be, that is communicated or disclosed to me except as authorized in the Stipulated Protective Order.  I will not use the Highly Confidential Information for any purpose other than this litigation and will otherwise comply with the terms of the Stipulated Protective Order.

4. For the purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the personal jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Stipulated Protective Order in this case.

Executed this ___ day of _____, 20__

_____

STATE OF _____ )
                          ) ss.
_____ COUNTY         )

SUBSCRIBED AND SWORN TO before me this ____ day of _____ 20__, by _____.

WITNESS MY HAND AND OFFICIAL SEAL.

_____
Notary Public

My Commission Expires _____

Firmwide:104895417.1 057645.1008